Petitioner, Levert Bates, appeals from the judgment of the Cuyahoga County Court of Common Pleas dismissing his petition for post-conviction relief. For the reasons stated below, we reverse and remand.
On May 28, 1988, following a jury trial, petitioner was convicted of murder with a gun specification, in violation of R.C. 2903.02. The trial court sentenced him to a term of imprisonment of fifteen years to life, consecutive to a three-year term of actual incarceration on the gun specification, plus court costs.
In a direct appeal to this court in 1989, petitioner asserted two assignments of error: 1) ineffective assistance of counsel because his trial counsel failed to request the lesser included offense of voluntary manslaughter; and 2) the verdict was against the manifest weight of the evidence. This court affirmed petitioner's conviction in an opinion rendered October 19, 1989. State v. Bates (October 19, 1989), Cuyahoga App. No. 55979, unreported.
On June 26, 1996, petitioner filed a motion for post-conviction relief pursuant to R.C. 2953.21. Petitioner claimed that he was denied his constitutionally guaranteed right to effective assistance of counsel because his trial counsel failed to: 1) request jury instructions on lesser included offenses; 2) investigate an eyewitness, Darryl Moore, and procure the attendance of another key witness, Michael Adams; 3) object to jury instructions; and 4) inform petitioner of an offered plea of manslaughter.
On August 10, 1998, the trial court dismissed petitioner's post-conviction petition without a hearing, finding that petitioner did not timely file his petition and that even if petitioner's claims were timely, they were barred by the doctrine of res judicata. Petitioner timely appealed, assigning the following assignments of error for our review:
 I. THE COURT COMMITTED REVERSIBLE ERROR WHEN IT CONSTRUED APPELLANT'S PETITION TO VACATE OR SET ASIDE SENTENCE AND CONVICTION PURSUANT TO R.C. § 2953.21 (A) (2), DENYING THE PETITION AS UNTIMELY UNDER SENATE BILL 4, WHEN APPELLANT'S PETITION IS INAPPLICABLE UNDER SENATE BILL 4 AS APPLIED, DENYING APPELLANT DUE PROCESS AND EQUAL PROTECTION OF LAW IN VIOLATION OF THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §§ 10 AND 16 OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED WHEN IT APPLIED THE DOCTRINE OF RES JUDICATA TO APPELLANT'S SECOND AND FOURTH CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL WHEN THE EVIDENCE IN SUPPORT OF THE CLAIMS WERE AFFIDAVITS ATTACHED TO THE PETITION WHICH CONTAINED SUFFICIENT OPERATIVE FACTS DEMONSTRATING COUNSEL'S PREJUDICIAL PERFORMANCE AND IS EVIDENCE DEHORS THE RECORD.
 III. THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT ISSUING ADEQUATE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ADDRESSING EACH INDIVIDUAL CLAIM RAISED, WHERE HAD THE TRIAL COURT CONSIDERED EACH CLAIM SEPARATE FROM EACH IT WOULD HAVE FOUND THAT ITS APPLICATION OF RES JUDICATA WAS PARTIALLY MISPLACED WITH REGARD TO CLAIMS TWO AND FOUR.
R.C. 2953.21, which governs petitions for post-conviction relief, provides in pertinent part:
 (A) (1) Any person convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
 (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
The post-conviction relief process permits criminal defendants who allege that their conviction is void or voidable on state or federal constitutional grounds to petition the trial court for an evidentiary hearing pursuant to R.C.2953.21(A). State v. Isham (Aug. 23, 1995), Montgomery App. No. 15136, unreported. The petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate his claim and merit a hearing.State v. Hamilton (Dec. 29, 1993), Clark App. No. 3015, unreported, citing State v. Kapper (1983), 5 Ohio St.3d 36. A petition for post-conviction relief is subject to dismissal without a hearing when the record indicates that the petitioner failed to submit evidentiary documents containing sufficient operative facts. State v. Scott (1989), 63 Ohio App.3d 304.
In his first assignment of error, petitioner argues that the trial court erred in dismissing his petition for post-conviction relief as untimely because he had until September 21, 1996 to seek such relief. Appellee, on the other hand, asserts that the trial court properly found that the petition was not timely filed because, as the trial court noted in its Findings of Fact and Conclusions of Law:
 Ohio Revised Code Sec. 2953.21(A)(2) provides a time limitation, specifically, 'one hundred eighty days (180) after the date on which the trial transcript is filed in the Court of Appeals.' The record on appeal was filed on July 20, 1988. The Petition for Post Conviction Relief was filed on June 26, 1996. Thus, the Petition for Post Conviction Relief was not timely filed.
We agree with petitioner.
R.C. 2953.21(A)(2) now generally requires that a petition for post-conviction relief be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * * *." This time limit was imposed by Senate Bill 4, which became effective September 21, 1995.
Section 3 of Senate Bill 4, however, contained a savings provision, which states:
 A person who seeks post-conviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
Because petitioner was sentenced prior to the effective date of Senate Bill 4, pursuant to the savings provision, he had until September 21, 1996 — one year from the effective date of the statute — to file his petition for post-conviction relief. Petitioner filed his petition on June 26, 1996. Accordingly, his petition was timely filed. Petitioner's first assignment of error is sustained.
In his second assignment of error, petitioner asserts that the trial court erred in dismissing his second and fourth claims of ineffective assistance of counsel as barred by the doctrine of res judicata.
Under the doctrine of res judicata, constitutional issues cannot be considered in post-conviction proceedings brought pursuant to R.C. 2953.21 where they have already or could have been fully litigated by the defendant, either before his judgment of conviction or on direct appeal from that judgment.State v. Perry (1967), 10 Ohio St.2d 175, paragraph seven of the syllabus; State v. McCollough (1992), 78 Ohio App.3d 587,591. Issues properly raised in a petition for post-conviction relief are those which could not have been raised on direct appeal because the evidence supporting such issues is outside the record. State v. Milanovich (1975), 42 Ohio St.2d 46, 50;State v. Durr (July 28, 1994), Cuyahoga App. No. 65958, unreported. If an issue has, or should have been, raised on direct appeal, the trial court may dismiss the petition on the basis of res judicata. State v. Spisak (April 13, 1995), Cuyahoga App. No. 67229, unreported.
Here, the trial court correctly held that petitioner's claim that his trial counsel was ineffective because he failed to request lesser included offenses was adjudicated in petitioner's direct appeal and, therefore, barred by resjudicata. Similarly, petitioner's claim that his trial counsel was ineffective because he failed to object to the jury instructions could have been raised on direct appeal and, is therefore, barred by the doctrine of res judicata. Indeed, petitioner concedes that the trial court properly dismissed these claims.
Petitioner also claims, however, that his trial counsel was ineffective because he failed to fully investigate eyewitness Darryl Moore, procure the attendance of witness Michael Adams and communicate the state's plea offer of voluntary manslaughter. These claims could not have been decided on direct appeal without resort to evidence outside the record. Accordingly, the trial court improperly dismissed these claims on the basis of res judicata. State v. Cooperrider (1983),4 Ohio St.3d 226, 228. Instead, pursuant to R.C. 2953.21(C), the trial court should have proceeded to determine whether petitioner had submitted evidentiary documents containing sufficient operative facts to warrant a hearing regarding these claims. See State v. Jackson (1980), 64 Ohio St.2d 107.
Petitioner's second assignment of error is, therefore, sustained.
In his third assignment of error, petitioner asserts that the trial court did not issue adequate findings of fact because it did not consider the affidavits and other documentary evidence attached to his petition. Petitioner asserts that if the trial court had considered the documentary evidence attached to his petition, it would have concluded that his second and fourth claims of ineffective assistance of counsel are not barred by the doctrine of res judicata.
This argument merely restates petitioner's second assignment of error. Moreover, R.C. 2953.21(C) requires that the trial court issue written findings of fact and conclusions of law when it dismisses a petition for post-conviction relief without conducting an evidentiary hearing. That is precisely what the trial court did here. Petitioner's third assignment of error is without merit.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
 _____________________________________ KENNETH A. ROCCO, JUDGE
 _____________________________________ JAMES D. SWEENEY, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(D) and 26(A); Loc.App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A)(1).