JOURNAL ENTRY AND OPINION
Petitioner-appellant, Paul Smith ("appellant"), appeals from the order of the Cuyahoga County Court of Common Pleas by which appellant's petition for post-conviction relief brought pursuant to R.C. 2953.21 was denied as untimely filed. For the reasons stated below, we affirm.
The record reveals that on November 19, 1996, appellant was indicted for one count of felonious assault in violation of R.C.2903.11. The indictment included a specification for use of a firearm and a specification that appellant was a repeat violent offender in violation of R.C. 2903.11 with notice of his prior convictions. By jury verdict entered December 16, 1996, appellant was found guilty of the charges as indicted. On January 21, 1997, appellant was sentenced to a term of imprisonment of eight years on his conviction of felonious assault, a term of three years on the firearm specification, and a term of ten years on the "repeat violent offender" specification. Each term of imprisonment was imposed to be served consecutively to the others. Appellant's sentence was journalized on January 27, 1997.
Appellant, represented by his trial counsel, commenced his direct appeal to this court on February 21, 1997. On May 5, 1997, the transcript of his trial was filed in this court. In State v.Smith (June 18, 1998), Cuyahoga App. No. 72089, unreported, appellant's convictions were affirmed by this court. Appellant's motion for leave to appeal was overruled and his appeal was dismissed by the Ohio Supreme Court on January 11, 1999, in Statev. Smith (1999), 84 Ohio St.3d 1447, 703 N.E.2d 326, which found no substantial constitutional question existed. On June 23, 1999, the Supreme Court of the United States in Smith v. Ohio (1999), U.S. * * * 119 S.Ct. 2364, 144 L.Ed.2d 769 [Case No. 98-8363] granted appellant's petition for writ of certiorari, vacated the judgment of this court and remanded the matter to this court for further consideration in light of Lilly v.Virginia (1999), 527 U.S. 116, 119 S.Ct. 187, 144 L.Ed.2d 117
(holding that the admission into evidence of an untested confession made by the defendant's brother after he invoked hisfifth amendment privilege violated the defendant's confrontation clause rights). On remand, this court considered whether appellant's asserted violation of the Confrontation Clause constituted harmless error beyond a reasonable doubt. In State v.Smith (Dec. 9, 1999), Cuyahoga App. No. 72089, unreported, this court concluded that the admission of the complained of statement constituted harmless error and, again, affirmed appellant's convictions.
On November 19, 1998 by motion no. 1042 brought pursuant to App.R. 26(B), appellant filed an Application for Reopening the decision of State v. Smith (June 18, 1998), Cuyahoga App. No. 72089, unreported, in which he claimed that the trial court failed to comply with the sentencing requirements imposed by Am.Sub.S.B. No. 2. In State v. Smith (May 14, 1999) Cuyahoga App. No. 72089, unreported, this court granted appellant's motion finding that he met his burden of establishing that there is a genuine issue as to whether he had a colorable claim of ineffective assistance of counsel on appeal for counsel's failure to raise the sentencing issue on appeal and limited the issue on appeal to the error assigned in the application, to wit:
 Appellant Smith was denied due process in imposition of the maximum sentence for felonious assault and in sentencing as a "repeat violent offender" under O.R.C. 2941.14 in contravention of his fifth and fourteenth amendment rights under the United States Constitution.
In State v. Smith (Jan. 3, 2000), Cuyahoga App. No. 72089, unreported, this court, upon consideration of the issue, affirmed the sentence imposed upon appellant finding that the record contained sufficient evidence to support the imposition of the maximum sentence and that the remarks of the trial court were sufficient to discharge its duty on sentencing appellant. The same counsel represented appellant at trial, before this court and before the Supreme court of Ohio.
On September 4, 1994, appellant, represented by different counsel, filed his petition for post-conviction relief pursuant to R.C. 2953.21, which is the basis of the within appeal. In this petition, appellant claimed that he was denied effective assistance of counsel and claimed constitutional error in the imposition of his sentence. Specifically, appellant alleged that his trial counsel: 1) failed to conduct adequate discovery; 2) failed to identify and act on his co-defendant's incriminating statement; 3) failed to file pretrial motions regarding hearsay statements; 4) failed to react to prosecutors prejudicial statements; 5) stipulated to his prior convictions; and 6) failed to move for severance of trial. Further, appellant contended that he was sentenced in error. Appellant supported his petition with his own affidavit.
On December 4, 1998, the State moved for dismissal of appellant's petition asserting that his petition was untimely filed and appellant failed to show good cause why the petition should go forward under R.C. 2953.23(A).
On January 6, 1999, the trial court issued findings of fact and conclusions of law wherein it denied appellant's petition finding it to have been untimely filed and without appellant presenting compelling reason for waiver of the time limitations as permitted under R.C. 2953.23(A). This appeal follows in which appellant advances two assignments of error for our review.
 I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF AS BEING UNTIMELY FILED.
 II. THE TRIAL COURT ERRED IN DENYING A HEARING ON DEFENDANT-APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.
Appellant's assigned errors having a common basis in fact and the law shall be considered together. Appellant, in his assigned errors, challenges the trial court's dismissal of his petition for post-conviction relief without holding an evidentiary hearing. "A post-conviction proceeding is not an appeal of a criminal conviction but rather a collateral civil attack on the judgment. [Citations omitted.] Therefore, a petitioner receives no more rights than those granted by statute." State v. Calhoun
(1999), 86 Ohio St.3d 279, 281.
The statutory framework governing post-conviction relief is set forth in R.C. 2953.21. This statute provides a mechanism for criminal defendants to petition the court for an evidentiary hearing and request relief on the basis that their convictions are void or voidable on state or federal constitutional grounds. Pertinent to these assignments of error is subsection (C), which provides, in part:
 Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
It is the petitioner who bears the burden of submitting evidentiary documents containing sufficient operative facts demonstrating that his claim merits a hearing. State v. Jackson
(1980), 64 Ohio St.2d 107, 111, 413 N.E.2d 819. A petition for post-conviction relief is subject to dismissal without a hearing when the record indicates that the petitioner failed to submit evidentiary material containing sufficient operative facts. Id.
at syllabus; State v. Scott (1989), 63 Ohio App.3d 304, 307,578 N.E.2d 841.
Certain time requirements for filing a petition for post-conviction relief are imposed by R.C. 2953.21(A)(2) which provides:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Emphasis added.
The record demonstrates that appellant's trial transcript was filed on May 5, 1997. Thus, in this case for appellant's petition to be timely filed, it must have been filed no later than one hundred eighty days after May 5, 1997. Appellant's petition for post-conviction relief was filed on September 4, 1998, well beyond the statutorily permitted one hundred eighty day limitation.
When a petition for post-conviction relief is untimely filed, R.C. 2953.21(A)(2) divests a trial court of jurisdiction to hear the petition unless the exceptions as put forth in R.C.2953.23(A)(1) apply.
Appellant concedes that his petition was untimely, but argues that the trial court should have reviewed his petition because he met the exceptions set forth in R.C. 2953.23(A). In this case appellant claims that he has met the requirements of R.C.2953.23(A)(1)(a) and (2) which state:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
[and]
 (2) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence.
Appellant argues that he was "unavoidably prevented" from discovery of the facts upon which he must rely to present his claim for relief because he was incarcerated and did not meet with another attorney until after the statutory time had elapsed. In his affidavit in support of his petition, appellant averred inter alia that:
 7. From the date of my arraignment on November 22, 1996 I never met with another attorney to review my case until Attorney Paul F. Adamson came to see me at Trumbull Correctional Institution on or about March 12, 1998, at which time I provided him with a copy of the trial transcript;
 8. I was never advised of the possible existence of a claim based on ineffective assistance of counsel and due process violations at sentencing until I met again with Attorney Adamson at Trumbull Correctional Institution on or about April 17, 1998; and additional delays were occasioned thereafter as I attempted to secure funds to retain Attorney Adamson for purposes of filing this Petition for Post Conviction Relief;
We do not find that simply because appellant was unaware of the foregoing means that he was "unavoidably prevented from discovering the facts" upon which his petition was based. Appellant has not drawn our attention to any "facts" outside the record. Rather, we conclude that appellant essentially asserts that he was unaware of the legal theories available to challenge the trial court's judgment of conviction and sentence. Simply being unaware of the law, however, is not the same as being unavoidably prevented from discovering the facts" upon which the petition is based. See State v. Halliwell, (June 29, 1999), Cuyahoga App. No. 75986, unreported (stating that ignorance of the law does not excuse an untimely filed post-conviction relief petition). We do not find that "the facts," as used in R.C.2953.21(A)(1)(a), include legal theories.
Where the above exceptions do not apply, the trial court has no jurisdiction to consider an untimely filed petition for post-conviction relief. See State v. Furcron (Feb. 17, 1999), Lorain App. No. 93CA007089, unreported; State v. Hall (Dec. 18, 1998), Montgomery App. No. 17101, unreported; State v. Ayers
(Dec. 4, 1998), Montgomery App. No. 16851, unreported; State v.Brown (June 1, 1998), Stark App. No. 1997CA00363, unreported;State v. Hanks (June 25, 1998), Franklin App. No. 98AP-70, unreported; State v. Thompson (Sept. 16, 1998), Allen App. No. 1-98-20, unreported; State v. Flowers (Nov. 12, 1998), Medina App. No. 2842-M, unreported; State v. Halliwell (July 29, 1999), Cuyahoga App. No. 75986, unreported.
We agree with the trial court's conclusion that appellant's allegations do not demonstrate that he was "unavoidably prevented from discovering the facts" upon which he bases his petition. Thus, appellant has failed to meet the first prong of the test contained in R.C. 2953.23(A) and has, therefore, failed to by pass the time limitations contained in R.C. 2953.21. Accordingly, the trial court properly dismissed appellant's petition without hearing as the petition was untimely filed and appellant failed to show that the requirements of R.C. 2953.23 were met.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON. J. and ANNE L. KILBANE, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE