JOURNAL ENTRY AND OPINION
Glenn Lawson appeals from a judgment of the common pleas court denying his petition for post-conviction relief. He assigns the following as error for our review.
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT OPPORTUNITY TO BE REPRESENTED BY COUNSEL, IN POST CONVICTION PROCEEDINGS, WHERE APPELLANT REQUESTED OF THE COURT TO APPOINT COUNSEL TO UNEARTH THE EVIDENCE SUPPORTING HIS CLAIM THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO INVESTIGATE AND PREPARE A DEFENSE PRIOR TO ILL ADVISING APPELLANT TO ENTER INTO A PLEA BARGAIN WITH THE STATE OF OHIO.
 II. THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE INADEQUATE AND ERRONEOUS, AND FAILS TO CONTAIN ARTICULABLE (SIC) FACTUAL BASIS AND A CONCLUSION SOUNDLY BASED IN LAW DENYING APPELLANT DUE PROCESS OF LAW.
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court.
The record before us reveals that on May 27, 1986, a grand jury returned two separate indictments against Lawson. In Case No. CR-208809, the grand jury charged him with six counts of aggravated robbery, six counts of felonious assault, and one count of possession of criminal tools. Each aggravated robbery and felonious assault charge also contained a firearm specification; each felonious assault charge additionally contained a violence specification. In Case No. CR-209095, Lawson had been charged with rape, kidnapping and aggravated robbery; each charge contained a firearm specification.
Lawson originally entered a plea of not guilty to all counts, but withdrew that plea on October 1, 1986, and entered a guilty plea to several counts in each indictment. Thereafter, on December 9, 1986, the court sentenced him. Lawson did not file a direct appeal and instead filed a petition for post-conviction relief, an affidavit of indigency and a motion for appointment of counsel on April 21, 1987.
On April 20, 2000, the trial court denied his petition without a hearing.
On appeal, Lawson urges the trial court erred in denying his request to be represented by counsel in the post-conviction proceeding; he further urges the court's findings of fact and conclusions of law had been inadequate and erroneous. The state, however, asserts the court correctly denied both requests because Lawson failed to file a direct appeal and his claims are barred by the doctrine of res judicata.
The issues presented for our review concern whether the trial court erred in denying Lawson's petition for post-conviction relief and whether the court's findings of fact and conclusions of law satisfy the requirements of R.C. 2953.21.
R.C. 2953.21, which governs petitions for post-conviction relief, provides in pertinent part:
 (A)(1) Any person convicted of a criminal offense * * * and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
 (C) * * * Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
The post-conviction relief process permits criminal defendants who allege that their conviction is void or voidable on state or federal constitutional grounds to petition the trial court for an evidentiary hearing pursuant to R.C. 2953.21(A). State v. Isham, 1995 Ohio App. LEXIS 3424 (Aug. 23, 1995), Montgomery App. No. 15136, unreported. The petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate his claim and merit a hearing. State v. Hamilton, 1993 Ohio App. LEXIS 6289 (Dec. 29, 1993), Clark App. No. 3015, unreported, citing State v. Kapper (1983),5 Ohio St.3d 36.
A petition for post-conviction relief is subject to dismissal without a hearing when the record indicates that the petitioner failed to submit evidentiary documents containing sufficient operative facts. State v. Scott (1989), 63 Ohio App.3d 304.
Under the doctrine of res judicata, constitutional issues cannot be considered in post-conviction proceedings brought pursuant to R.C. 2953.21
where they have already or could have been fully litigated by the defendant, either before his judgment of conviction or on direct appeal from that judgment. State v. Perry (1967), 10 Ohio St.2d 175, paragraph seven of the syllabus; State v. McCullough (1992), 78 Ohio App.3d 587.
Further, in State v. Crowder (1991), 60 Ohio St.3d 151, the court stated in paragraph one of its syllabus:
 Although an indigent petitioner does not have a state or a federal constitutional right to representation by an attorney in a post-conviction proceeding, the petitioner, pursuant to R.C. 120.16(A)(1) and (D), is entitled to representation by a public defender at such a proceeding if the public defender concludes that the issues raised by the petitioner have arguable merit.
In this case, Lawson failed to file a direct appeal of his conviction and in accordance with Perry, the doctrine of res judicata bars his claim of ineffective assistance of counsel and his claim that he did not enter his guilty plea knowingly, intelligently and voluntarily because those issues could have been fully litigated by the defendant either before his judgment of conviction or on direct appeal from that judgment. Further, pursuant to Crowder, Lawson did not have a constitutional right to be represented by counsel in a post-conviction proceeding because the issues raised by him lack arguable merit. Therefore, the trial court did not err when it denied his petition for post-conviction relief or his request for representation by counsel and this assignment of error is overruled.
Regarding Lawson's claim that the court's findings of fact and conclusions of law had been inadequate and erroneous, we note that R.C.2953.21(A)(1) permits a defendant to file a petition stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence. Additionally, R.C. 2953.21(C) provides that if a court dismisses a petition for post-conviction relief, it must make findings of fact and conclusions of law.
In State v. Lester (1975), 41 Ohio St.2d 51, the court determined that findings of fact and conclusions of law are mandatory under R.C. 2953.21
if the trial court dismisses the petition in order to apprise a petitioner of the grounds for the judgment and to enable the appellate courts to properly determine appeals in such a cause.
Further, the court in State v. Calhoun (1999), 86 Ohio St.3d 291, stated:
 A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion. State v. Clemmons (1989), 58 Ohio App.3d 45
* * *.
Here, the court provided a lengthy explanation of the basis for its denial of Lawson's petition, noting that he failed to file a direct appeal of his conviction and sentence, and therefore his claims are now barred by the doctrine of res judicata. The court further noted that Lawson's bald assertions, absent any supporting documentary evidence, are insufficient to support his claim. Therefore, the trial court's findings of fact and conclusions of law comport with the requirements of R.C.2953.21(C) and this assignment of error is overruled. Accordingly, the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the man date pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, A.J., and KILBANE, J., CONCUR.
 _______________________________ PATRICIA ANN BLACKMON, JUDGE