Defendant-appellant Titus Graham, pro se, appeals from the denial of his petition for postconviction relief made pursuant to R.C. 2953.21. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that on July 20, 1993, appellant was indicted on two counts, namely: (1) Felonious Assault [R.C. 2903.11]; and, (2) Having a Weapon While Under a Disability [R.C. 2923.13]. Each of these counts contained violence and firearm specifications. Appellant entered a plea of not guilty at his arraignment on July 20, 1993.
On November 14, 1994, appellant withdrew his original plea and entered a plea of guilty to Felonious Assault. The remaining count was nolled.
On December 6, 1994, appellant was sentenced to a term of three years actual plus an additional term of three to fifteen years. This sentence was ordered concurrent with the sentence in another criminal case (CR-315790) before the trial court. There was no direct appeal filed by appellant from these convictions.
On September 19, 1996, appellant filed his petition for postconviction relief. Within this petition, appellant argued that: (1) his trial counsel was ineffective in failing to investigate the case, railing to acquire witnesses, and coercing the defendant into entering the guilty plea; and, (2) his guilty plea was not knowing, voluntary or intelligent. This petition contained no evidentiary support. On March 12, 1997, the state filed a Motion to Dismiss the Petition. On March 24, 1997, the trial court issued a single sentence order denying the petition. Journal Vol. 1568, page 610. On March 31, 1997, appellant filed an unsupported brief in opposition to dismissal. On August 25, 1998, the trial court issued Findings of Fact and Conclusions of Law dismissing the petition without benefit of an evidentiary hearing. This appeal, from that March 31, 1997 final order, followed.
Appellant presents three assignments of error. Due to the confusing nature of the appellant's brief and arguments contained therein, this court will paraphrase the arguments contained in the assignments of errors. The actual "assignments" are reproduced in the appendix attached to this opinion.
Prior to addressing the assignments, we will set forth the applicable standard of review.
R.C. 2953.21(A), which sets forth the procedures for filing petitions for postconviction relief, provides in pertinent part:
 (A) Any person convicted of a criminal offense * * * claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds for relief upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.
R.C. 2953.21(C) provides:
 (C) Before granting a hearing the court shall determine whether there are substantive grounds for relief * * *. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
The post-conviction relief process permits criminal defendants who allege that their conviction is void or voidable on state or federal constitutional grounds to petition the trial court for an evidentiary hearing pursuant to R.C. 2953.21(A). State v. Isham
(Aug. 23, 1995), Montgomery App. No. 92-CR-2729/2, unreported. The petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate his claim and merit a hearing. State v. Hamilton (Dec. 29, 1993), Clark App. No. 3015, unreported, citing State v. Kapper (1983),5 Ohio St.3d 36, 448 N.E.2d 823. A petition for postconviction relief is subject to dismissal without a hearing when the record indicates that the petitioner failed to submit evidentiary documents containing sufficient operative facts. State v. Scott
(1989), 63 Ohio App.3d 304, 578 N.E.2d 841; State v. Jackson
(1980), 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus. Broad conclusory allegations are insufficient to entitle the petitioner to an evidentiary hearing. State v. Pankey (1981), 68 Ohio St.2d 58,59, 428 N.E.2d 413.
The following was stated by this court in relation to a presentence motion to withdraw a guilty plea:
 Although a motion to vacate a presentence guilty plea should be freely granted, a defendant does not have an absolute right to withdraw; rather, the decision is vested in the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. State v. Rosemark (1996), 116 Ohio App.3d 306, 688 N.E.2d 22. See, also, State v. Barnett (1991), 73 Ohio App.3d 244, 596 N.E.2d 1101. An abuse of discretion occurs when a court's judgment is arbitrary, unreasonable, or unconscionable. State v. Posta (1988), 37 Ohio App.3d 144, 524 N.E.2d 920.
 In State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, paragraph three of the syllabus, this court outlined the standards to consider for abuse of discretion in overruling a motion to withdraw a guilty plea when we stated:
 A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
 A trial court in taking a plea must substantially comply with Crim.R. 11. State v. Colbert (1991), 71 Ohio App.3d 734, 737, 595 N.E.2d 401, 403. Substantial compliance "means that under the totality of the circumstances the defendant objectively understands the implications of his plea and the rights he is waiving." State v. Nero
(1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476. Furthermore, "[a] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently and voluntarily made must show a prejudicial effect." State v. Scott (1996), 113 Ohio App.3d 401, 402, 680 N.E.2d 1297, 1298. Therefore, upon review "a finding of compliance with the rule can be based upon a consideration of the totality of the circumstances surrounding the entry of the plea." State v. Carter (1979), 60 Ohio St.2d 34, 396 N.E.2d 757; see, also, State v. Nero
(1990), 56 Ohio St.3d 106, 564 N.E.2d 474, Colbert, supra.
City of Valley View v. Lind (Nov. 5, 1998), Cuyahoga App. No. 73542, unreported, 1998 WL 774990.
In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, State v. Brooks (1986),25 Ohio St.3d 144, 495 N.E.2d 407.
In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith
(1985), 17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 209 N.E.2d 164.
The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, that:
 "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 * * *.
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365, 101 S.Ct. 665, 66 L.Ed.2d 564
(1981)." Strickland, supra, at 691. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *.
 Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
State v. Bradley, supra, at 141, 142, 538 N.E.2d 373.
The first assignment of error appears to argue that appellant's guilty plea was not knowing, voluntary and intelligent, because the plea was allegedly forced upon him by the trial court when the trial court refused his presentence request to withdraw the guilty plea.
A review of the plea transcript indicates that the trial court did not abuse its discretion in denying appellant's oral motion at the sentencing hearing to withdraw the previously entered guilty plea. At the plea hearing in which appellant was represented by the late Thomas E. Shaughnessey, Esq., and attorney Joseph Buckley, the appellant was advised of the charges against him, the constitutional rights he was waiving, and the potential punishment. Appellant repeatedly stated, when questioned by the trial court, that he understood the proceedings and what was being told to him and that his guilty plea was voluntary and of his own free will. The record indicates that the trial court complied with the dictates of Crim.R. 11 in taking the plea. Appellant also indicated through counsel that he would be convicted if he were to go to trial, but that he still professed his innocence in the matter. R. 13. At the time the oral motion to withdraw the guilty plea was made at the sentencing hearing, the record reflects that the trial court considered the argument of the appellant and afforded the appellant-movant the opportunity to address the court relative to the motion. The only argument in support of the plea withdrawal was that appellant professed that he did not commit the offense. R. 15. Under the circumstances, we do not conclude that the trial court abused its discretion in not agreeing to withdraw the guilty plea prior to sentencing where the plea was taken in accordance with Crim.R. 11 and the only professed reason in support of withdrawal of the plea was a simple statement that appellant did not commit the offense. In addition, it was not error for the trial court to dismiss the petition for postconviction relief without an evidentiary hearing because no evidence, of any kind, outside the record supported the petition. See State v. Kapper, supra.
The first assignment of error is overruled.
The second assignment appears to argue that appellant was denied effective assistance of trial counsel where counsel did not properly investigate the case or obtain witnesses on appellant's behalf and the trial court should have granted the petition on this basis. The third assignment similarly argues that trial counsel was ineffective and the petition granted, but for the reason that counsel did not address the withdrawal of plea at the sentencing hearing. These assignments lack merit.
The primary reason for concluding that the trial court did not err with regard to dismissing the petition in light of allegations of ineffective assistance of trial counsel is the application of the doctrine of res judicata. Under doctrine ofres judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by defendant at trial, which resulted in that judgment of conviction, or an appeal from that judgment.State v. Reynolds (1997), 79 Ohio St.3d 158, 161,679 N.E.2d 1131, citing State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. Moreover, it is established that, pursuant to res judicata,
a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal.Reynolds, supra, citing State v. Duling (1970), 21 Ohio St.2d 13,254 N.E.2d 670.
An additional reason for concluding that the petition was properly dismissed with regard to the allegations of ineffective assistance of counsel lies with the petition's evidentiary support for these allegations.
As previously stated, the petition's evidentiary support pursuant to Kapper was lacking. Appellant has utterly failed to demonstrate that counsel's performance was deficient. The petition does not disclose the identity or location of these alleged witnesses, nor is there any admissible evidentiary support regarding what testimony these witnesses would provide, let alone that this testimony would affect the outcome and prove exculpatory to appellant. Finally, the transcript of the sentencing hearing indicates that trial counsel (attorney Shaughnessey), albeit a stand-in for appellant's other counsel (attorney Buckley), was assented to by the appellant, thereby waiving any error in the representation of counsel at the sentencing hearing. R. 15. Also, that same record indicates that, contrary to the assertions of appellant in his confusing appellate brief, counsel at the sentencing hearing did address the matter of the plea withdrawal with the trial court. R. 15-17. Accordingly, the trial court did not err in dismissing the petition for postconviction relief.
The second and third assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TERRENCE O'DONNELL, P.J., and LEO M. SPELLACY, J., CONCUR.
 _________________ JAMES D. SWEENEY JUDGE
 APPENDIX ASSIGNMENTS OF ERROR 1). THE COURT ABUSED IT'S (SIC) DISCRETION DUE TO THE FACT THAT THE DEFENDANT MADE A REQUEST TO WITHDRAW GUILTY PLEA WAS MADE PRIOR TO SENTENCING. THAT WILL SHOW THAT THE PLEA WAS COERCED AND INDUCED BY FORCE BY THE COURT. THIS WILL ALSO SHOW SUPPORT TO PETITIONER CLAIMS OF THE COURT ABUSES OF DISCRETION, BASED ON THE FACT THAT PETITIONER WAS DENIED THE OPPORTUNITY TO GO TO TRIAL RESULTED IN ERRORS, AND WAS NOT KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY GIVEN, BUT WAS FORCE (SIC) BY THE COURTS.
 A). STATE -V- BARNETT, 73 APP (3d) 244, 596 NE (2d) 1101 (MONTGOMERY 1991) (WHERE DEFENDANT WISHES TO WITHDRAW A PLEA PRIOR TO SENTENCING, COURT ABUSES DISCRETION BY DENYING MOTION WITHOUT A FULL AND IMPARTIAL HEARING ON THE MOTION.
 A MOTION TO WITHDRAW A GUILTY PLEA SHOULD BE GRANTED WHERE:
 (1) APPELLANT FILES A MOTION TO WITHDRAW PRIOR TO SENTENCING.
 (2) HE MAINTAINS HIS INNOCENCE THROUGHOUT THE PROCEEDINGS.
 (3) HIS COUNSEL HAS NOT PROPERLY INVESTIGATED HIS INNOCENCE STATE STATE -V- FLUCKIGER, No. CA 94-02-041, 1994 WL 250116 12th Dist. CT APP. BUTLER 6-13-94
 B). 101 OHIO APP. 3d 238 THE STATE OF OHIO,
APPELLEE, V. ROBINSON, APPELLANT. No.. 95APA01-21. COURT OF APPEALS OF OHIO, TENTH DISTRICT, FRANKLIN COUNTY. DECIDED MARCH 28, 1995.
 AFTER PLEADING GUILTY TO CHARGES OF ROBBERY WITH FIREARMS SPECIFICATION, DEFENDANT SOUGHT LEAVE TO PURSUE DELAYED APPEAL AND SOUGHT APPOINTMENT OF COUNSEL. THE COURT OF APPEALS, FRANKLIN COUNTY, TYACK, J., HELD THAT DEFENDANT WHO ASSERTED LACK OF LEGAL COUNSEL FOLLOWING GUILTY PLEA AND LACK OF KNOWLEDGE THAT APPEALS COULD BE POSSIBLE UNDER CERTAIN CIRCUMSTANCES WAS ENTITLED TO LEAVE FOR DELAYED APPEAL. MOTIONS GRANTED.
 2). INEFFECTIVE ASSISTANCE OF COUNSEL TO STATE TO HIS CLIENT THAT HE DID NOT HAVE TIME TO GO TALK TO A WITNESS THAT WAS CRUCIAL TO THE DEFENDANT DEFENSE. THEREFORE COUNSEL DID NOT ONLY DEPRIVE DEFENDANT OF THAT WITNESS TESTIMONY, BUT ALSO DEPRIVE HIMSELF AS DEFENDANT COUNSEL OF THE KNOWLEDGE THAT COULD OF BEEN PROVIDED BY THIS WITNESS. THERE IS NO QUESTION THAT IN THE INSTANT CASE, IF THE DEFENDANT'S TRIAL COUNSEL WOULD HAVE DONE HIS JOB AND SECURED THE WITNESSES AND HAD THEM AT TRIAL, THAT THERE IS A STRONG PROBABILITY THAT THE PETITIONER WOULD HAVE BEEN FOUND NOT GUILTY! OR WOULD HAVE NOT PLEA (SIC) GUILTY!!!
 3). COUNSEL WAS WELL AWARE OF DEFENDANT (SIC) WISHES TO WITHDRAW GUILTY PLEA, BUT FAIL (SIC) TO ADDRESS THE COURT'S (SIC) OF DEFENDANT'S WISHES PRIOR TO SENTENCING. AND DUE TO THE FACT THAT COUNSEL WAS AWARE OF THE FACT THAT THE DEFENDANT WANTED TO WITHDRAW A PLEA OF GUILT, AND GO TO TRIAL. DEFENDANT DO (SIC) BELIEVE THE ABSENCE OF COUNSEL AT DEFENDANT SENTENCING WAS INTENTIONAL. (THE COURT RECORD'S (SIC) WILL REFLECT COUNSEL ABSENCE AT SENTENCING!!!)
 A). DEFENDANT ASSERTS THAT HIS ENTRY OF GUILTY PLEAS DID NOT ACCUR (SIC) IN ACCORD WITH CRIM. R. 11. HE ALSO ASSERTS THAT HIS EARLIER COUNSEL PROVIDED INEFFECTIVE ASSISTANCE.
 ONE CONSTITUTIONAL RIGHT WHICH MY (SIC) JUSIFY (SIC) RELIEF AFTER CRIMINAL JUDMENT (SIC) UNDER R.C. 2953.21 IS THE RIGHT TO DUE PROCESS OF THE LAW U.S.C.A. CONS. ANMENDS. 5, 14 STATE -V- WALDEN, 483 N.E.2d 859, 19 OHIO APP 3d 141, 19 O.B.R. 230.
 1). WHETHER THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT WHERE COUNSEL FAILED TO INVESTIGATE THE CASE, TO ACQUIRE WITNESSES IN HIS CLIENT'S BEHALF, AND HE COERCED THE PETITIONER INTO PLEADING GUILTY.
 2). WE AS AMERICANS HAVE A BASIS (SIC) RIGHT UNDER THE SIX (SIC) AMENDMENT TO COUNSEL IF WE ARE CHARGE (SIC) WITH A CRIMINAL OFFENSE. FURTHER, IF WE ARE INDIGENT THE COURT WILL APPOINT COUNSEL TO DEFEND YOU. THE REASON FOR THIS IS TWO-FOLD. THE FIRST BEING TO ENSURE FAIRNESS AND THE SECOND BEING AT LEAST IN THEORY THAT THE ADVERSARIES WILL BE EVENLY MATCHED. THE SIXTH AMENDMENT RIGHT TO COUNSEL ALSO INCLUDES THE TIGHT (SIC) TO HAVE EFFECTIVE ASSISTANCE OF COUNSEL.
 PENSON V. OHIO 488 U.S. 75 (1988) AND FREELS V. HILLS, 843 F.2d 958.
 IN STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984) THE COURT SET FORTH A TWO-PRONG TEST IN DETERMINING WHETHER AN ATTORNEY WAS INEFFECTIVE OR NOT.
 THE PETITIONER NOT ONLY HAS TO SHOW THAT HIS ATTORNEY'S PERFORMANCE FELL SHORT OF THE BASIC REQUIREMENTS OF THE AMERICAN BAR ASSOCIATION AND THE STANDARDS EN-ACTED (SIC) BY THE OHIO GENERAL ASSEMBLY, BUT ONE MUST ALSO SHOW IN-TURN HOW THIS RESULTED IN PREJUDICIAL ERROR!
 3). IN LEWIS V. ALEXANDER, (6thCir, (sic) 1993) 11 F.3d 1349, THE SEXTH (SIC) CIRCUIT STATED THAT "COUNSEL'S" FAILURE TO INVESTIGATE KEY EVIDENCE OR TO MAKE A REASONABLE DECISION THAT A PARTICULAR INVESTIGATION IS NOT NECESSARY CONSTITUTES INEFFECTIVE ASSISTANCE, AND THUS PRECLUDES AN ARGUEMENT (SIC) THAT COUNSEL'S COURSE OF ACTION WAS BASED ON LEGITIMATE STRATEGIC CHOICE. Id. AT 1352 "IN (SIC) SUCH CIRCUMSTANCES, IT IS NOT POSSIBLE TO DESCERN (SIC) STRATEGY IN COUNSEL'S OMISSION, ONLY NEGLIGENCE." IN WORKMAN V. TATE, (6th (sic) cir, 1992) F.2d 1339, THE COURT FOUND THAT WHERE THE DEFENDANT'S ATTORNEY FAILED TO INVESTIGATE WHETHER PROMISING WITNESSES COULD HAVE BEEN VALUABLE IN SECURING THE DEFENDANT' (SIC)
RELEASE, "COUNSEL INACTION CONSTITUTES NEGLIGENCE NOT TRIAL STRATEGY". (SIC) THE COURT ALSO DETERMINED THAT THE DEFENDANT WAS PREJUDICED BY THE FAILURE, AS THE COURT BELIEVE (SIC) THAT A REASONABLE PROBABILITY EXISTED THAT A JURY WOULD NOT HAVE CONVICTED THE DEFENDANT HAD THOSE WITNESSES TESTIFIED AT HIS TRIAL.
 THERE IS NO QUESTION THAT IN THE ISNTANT (SIC)
CASE, IF THE DEFENDANT'S TRIAL COUNSEL WOULD HAVE DONE HIS JOB AND SECURED THE WITNESSES AND HAD THEM AT TRIAL THAT THERE IS A STRONG PROBABILITY THAT THE DEFENDANT WOULD HAVE BEEN FOUND NOT GUILTY.