The STATE of Ohio, Appellee,

v.

WYNN, Appellant.

[Cite as *State v. Wynn* (1998), 131 Ohio App.3d 725.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73805.

Decided Dec. 21, 1998.

*Stephanie Tubbs–Jones,* Cuyahoga County Prosecuting Attorney, and *Thomas A. Rein,* Assistant Prosecuting Attorney, for appellee.

*Shawn D. Wynn, pro se.*

---

MICHAEL J. CORRIGAN, Judge.

Defendant-appellant, Shawn D. Wynn, appeals the decision of the Cuyahoga County Court of Common Pleas to deny his motion to withdraw his guilty plea without a hearing. Appellant, acting *pro se,* assigns one error for review. This court, finding no error, affirms the trial court's decision.

On February 5, 1993, appellant and several co-defendants were indicted on four counts of felonious assault with violence and firearm specifications. Appellant was also indicted on one count of having a weapon while under a disability. On April 16, 1993, appellant pled not guilty to all charges.

On July 15, 1993, pursuant to a plea agreement, appellant changed his plea to guilty of two counts of felonious assault, one count with a firearm specification (nonprobationable) and one count with the specifications deleted. The remaining charges against appellant were *nolled.* The remaining co-defendants pled guilty to reduced probationable felonious assault charges.

Although the appellant pled guilty to a nonprobationable offense, the trial court set sentencing for the following day to allow appellant to "clean up his personal affairs." The trial judge warned appellant of the potential result if he did not appear for sentencing. Nevertheless, appellant absconded for several months, and a capias was issued for his arrest.

On February 18, 1994, when appellant finally appeared for his sentencing, he was sentenced to a term of three years' mandatory incarceration for the firearm specification followed by four to fifteen years on count one, and four to ten years on count two to be served concurrently. Appellant did not file a direct appeal following his sentencing.

On April 18, 1997, twenty-two months after being sentenced, appellant filed a motion to withdraw his plea and requested an oral hearing pursuant to Crim.R. 32.1. Appellant argued that he was deprived of effective assistance of counsel because his counsel had information that would have exonerated him in the shooting of the victim. Appellant supported his motion with his affidavit and an affidavit of the victim, which averred (1) that a co-defendant, not appellant, shot him in the face, (2) that appellant was not carrying a gun, and (3) that he provided this information to appellant's counsel in a recorded statement prior to sentencing.

On December 11, 1997, the trial court denied appellant's motion. The trial court held that the undue delay in filing the motion adversely affected appellant's credibility, that appellant never claimed innocence or dissatisfaction with his counsel and never mentioned the victim recanting at his plea or sentencing, and that the belated date on the victim's affidavit caused the court to doubt its credibility. Appellant timely filed this appeal.

■    Defendant-appellant states as his sole assignment of error:

"I. The trial court abused its discretion in failing to hold an evidentiary hearing on defendant's motion to withdraw his plea of guilty."

■    The court in *State v. Peterseim* (1980), 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863, recognized that postsentence plea revocations are governed by Crim.R. 32.1 and may only be granted to avoid a miscarriage of justice. See, also, *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph two of the syllabus. The burden of establishing manifest injustice is on the movant. *Id.* at paragraph one of the syllabus. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdrawing the plea if the sentence was unexpectedly severe. *State v. Caraballo* (1985), 17 Ohio St.3d 66, 17 OBR 132, 477 N.E.2d 627.

■    When presented with the trial court's refusal to accept a plea revocation, our review is limited to a determination of whether the trial court abused its discretion, that is, whether the court's attitude was unreasonable, arbitrary or unconscionable, in reaching its decision. *State v. Blatnik* (1984), 17 Ohio App.3d 201, 202, 17 OBR 391, 392–393, 478 N.E.2d 1016, 1018–1019; *Peterseim, supra,* 68 Ohio App.2d at 214, 22 O.O.3d at 343, 428 N.E.2d at 865–866; *State v. Lambros* (1988), 44 Ohio App.3d 102, 541 N.E.2d 632. Abuse of discretion is found in the rare instance when a decision is grossly violative of fact and logic so as to demonstrate perversity of will, defiance of judgment, undue passion or extreme bias. *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 360–361, 473 N.E.2d 264, 313–314; *State v. Lombardo, Jr.* (Feb. 15, 1995), Summit App. No. 16368, unreported, 1995 WL 66354.

■    A hearing on a postsentence motion to withdraw a guilty plea is not required if the facts alleged by the defendant and accepted as true by the trial court would not require the court to allow the withdrawal of the plea. *Blatnik,* 17 Ohio App.3d at 204, 17 OBR at 394–395, 478 N.E.2d at 1020–1021; *State v. Hamed* (1989), 63 Ohio App.3d 5, 7, 577 N.E.2d 1111, 1112; *State v. Milton* (June 01, 1995), Cuyahoga App. No. 65828, unreported, 1995 WL 328433.

■ In this case, appellant argued in his motion to withdraw that he was denied effective assistance of counsel. In order to prevail on a postsentence motion to vacate that alleges ineffective assistance of counsel, a defendant is required to show that (1) his counsel's performance was, in fact, deficient, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and instead, would have insisted on going to trial. *Hill v. Lockhart* (1985), 474 U.S. 52, 57–59, 106 S.Ct. 366, 369–371, 88 L.Ed.2d 203, 290–210; *State v. Xie* (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715, 717–718.

■ In assessing and evaluating appellant's motion, the assessment cannot be made in a vacuum. Considerations such as the presence of counsel, the existence or not of co-defendants, the status of the co-defendants as it relates to involvement in the criminal justice system, and the application of complicity and the like become pivotal. In evaluating this case, the affidavits of the defendant and the victim read alone and accepted as true might well justify a hearing and perhaps a withdrawal of a plea. In the matter before the court, however, even if accepted as true, these affidavits would not exculpate the defendant.

■ This matter is affected by the fact that in this case there were three co-defendants. The statement submitted by the victim, Dominic Starks, if accepted as true, merely states that appellant may not have been the principal. It is not necessary that appellant be the gunman or for that matter that he personally possess a firearm for him to be charged with felonious assault as well as a firearm specification. The law is well settled that when two or more people engage in a course of criminal conduct and one does one part and the other another, each is responsible for the acts of the other as though he had personally performed each of the acts. See *State v. Chapman* (1986), 21 Ohio St.3d 41, 21 OBR 327, 487 N.E.2d 566. The trial court and counsel were aware of the application of complicity in this case. The mere fact that the defendants received different sentences does not require either a hearing or a subsequent withdrawal of a guilty plea.

Moreover, the trial court properly considered several other factors in rendering its decision. First, appellant was given one day prior to sentencing to clean up his affairs. Appellant fled the jurisdiction of the court for several months. Additionally, there was a twenty-two-month period between the sentence and the motion to withdraw. See *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324. There was also a substantial amount of time between the victim's affidavit and appellant's guilty plea, *i.e.*, three years. Finally, not only was Crim.R. 11 substantially complied with, but at no time did appellant (1) profess his innocence, (2) inform the court that he was displeased with his counsel's performance, and/or (3) inform the court of the victim's recantation.

Therefore, defense counsel's actions were not ineffective. Moreover, there is no evidence in the record demonstrating that appellant suffered a prejudicial effect. Not only would he have been charged with the firearm specification regardless of who actually held the firearm, but by his plea of guilty an additional firearm specification was deleted from the second count. By entering his plea he cut his mandatory prison time in half. Therefore, we can reasonably infer that his plea was "a wiser course to follow" made in order to obtain a favorable sentence. See *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 56, 364 N.E.2d 1163, 1167.

With all of the averments in appellant's postsentence motion for withdrawal of his guilty plea taken as true, appellant would not have prevailed with his motion to withdraw based upon the ineffective assistance of counsel. Therefore, the trial court did not abuse its discretion in denying appellant's motion without a hearing.

*Judgment affirmed.*

SPELLACY, J., concurs.

PORTER, P.J., dissents.

PORTER, Presiding Judge, dissenting.

I respectfully disagree with my colleagues' disposition of this appeal. I believe the defendant's motion papers warranted a hearing under Crim.R. 32.1. The majority acknowledges that "the affidavits of the defendant and the victim read alone and accepted as true might well justify a hearing and perhaps a withdrawal of a plea. * * * [H]owever, even if accepted as true, these affidavits would not exculpate the defendant." It is not necessary, in my opinion, that the affidavits totally exculpate the defendant—only that the outcome below may have been different had his counsel brought forth that defendant was not the gunman. Assuming the truth of the affidavits, as we must do, defendant was sentenced to three years' mandatory imprisonment for pleading guilty to a firearm specification and four to fifteen years on the felonious assault count, to be served consecutively, a sentence he is still serving in prison. The actual gunman who shot the victim, Dominic Starks, in the face, co-defendant Hombre Thomas, pled guilty to two counts of felonious assault *without* a firearm specification and got probation. If this outcome does not reflect a manifest injustice, the words have lost all meaning.

The majority seems to excuse this major discrepancy in culpability by correctly observing that "it is not necessary that appellant be the gunman * * * or personally possess a firearm for him to be charged with a firearm specification." That may well be the case, but the trial court did not offer a complicity

explanation for denying the defendant's motion without a hearing. The state did not even oppose the defendant's motion. That the principal offender who fires the gun gets probation and the accomplice gets three years' actual incarceration plus four to fifteen years for merely being there suggests there was something radically wrong with the procedure. Defendant maintains that it was due to ineffective assistance of counsel, a claim that was supported by his motion papers.

The issue before this court is whether defendant's motion papers were sufficient to entitle him to a hearing or, stated another way, whether the trial court abused its discretion in denying the motion without a hearing.

The pivotal concern in determining whether to grant a hearing on such a motion is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case. *State v. Swortcheck* (1995), 101 Ohio App.3d 770, 656 N.E.2d 732; *State v. Strutton* (1988), 62 Ohio App.3d 248, 575 N.E.2d 466. This court in *Swortcheck* stated at 772–773, 656 N.E.2d at 733–734:

"When determining whether there are substantive grounds for postconviction relief that would warrant a hearing, the affidavits offered in support of the petition should be accepted as true. See *State v. Strutton* (1988), 62 Ohio App.3d 248, 252, 575 N.E.2d 466, 468–469. The affidavit or affidavits in support need only present sufficient *prima facie* evidence of ineffective assistance of counsel to warrant a hearing. *Id.* at 253, 575 N.E.2d at 469. In *State v. Scott* (1989), 63 Ohio App.3d 304, 578 N.E.2d 841, this court held that an affidavit containing evidence of the availability of mitigating evidence and the failure of trial counsel to attempt to obtain the mitigating evidence set forth sufficient operative facts to show substantial grounds for relief. *Id.* at 310, 311, 578 N.E.2d at 845–846. Because there were substantive grounds for relief, this court held that a hearing should have been granted and remanded the case for a hearing on the claim of ineffective assistance [of] counsel during the mitigation phase. *Id.* at 311, 578 N.E.2d at 846.

"The case *sub judice* presents a similar basis for relief. The affidavits of Michelle Ettinger and Phyllis McDonald contain evidence which, if believed, would seriously impeach the credibility of the victim, Georgia Ollie, and could possibly exonerate Swortcheck. Swortcheck's affidavit contains evidence that his trial counsel knew that Ettinger and McDonald were potential witnesses, but failed to interview them or call them as witnesses. Accordingly, the affidavits contain sufficient operative facts showing substantive grounds for relief, and a hearing should have been held.

"The state's opposition to the petition merely raises a question of credibility. The State claims that Swortcheck's lawyer did not know of the witnesses. Swortcheck says he did. *The credibility of the witnesses offering the affidavits is*

*for the trier of fact to resolve at the hearing.* See *Killilea v. Sears, Roebuck & Co.* (1985), 27 Ohio App.3d 163, 27 OBR 196, 499 N.E.2d 1291 (credibility not proper basis for summary judgment). See, also, *State v. Willison* (Aug. 18, 1994), Perry App. No. CR–93–462, unreported, 1994 WL 478000; *State v. Ramos* (June 8, 1994), Lorain App. No. 93CA005741, unreported, 1994 WL 246138, citing *State v. Xie* (1992), 62 Ohio St.3d 521, 525, 584 N.E.2d 715, 718. Thus, the credibility of witnesses and any conflict in evidence are properly resolved at the postconviction hearing, not before. *State v. Rios* (Apr. 15, 1993), Cuyahoga App. No. 63509, unreported, 1993 WL 120252 (Blackmon, J., dissenting)." (Emphasis added.) See, also, *State v. Hamed* (1989) 63 Ohio App.3d 5, 7, 577 N.E.2d 1111, 1112 ("A hearing on a post-sentence motion to withdraw a plea of no contest is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn").

Defendant argues that he did not receive effective assistance of counsel.

In *State v. Alexander* (Feb. 19, 1998), Cuyahoga App. No. 72028, unreported, 1998 WL 72491, this court recently stated the showing that must be made for such a claim:

"In *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, the court stated that in order to prevail on a claim of ineffective assistance of counsel upon entry of a guilty plea, a defendant must meet the test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Under this test, the defendant must first show that counsel's performance was deficient and 'second, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *.' *Xie*, 62 Ohio St.3d at 524, 584 N.E.2d at 717 (quoting *Hill v. Lockhart* [1985], 474 U.S. 52, 59, 106 S.Ct. 366 [370–371], 88 L.Ed.2d 203 [210] )."

I find that defendant's affidavits present *prima facie* evidence that counsel's performance was deficient and that defendant was prejudicially affected by this deficient representation.

The affidavit of the victim himself states that he was shot by Hombre Thomas, a co-defendant, who got probation, that defendant Wynn did not have a gun, and that these facts were made known to defendant's counsel in a recorded statement prior to the plea. Defendant's affidavit confirms these allegations and asserts that defendant brought them to his counsel's attention but that they were not followed up on. Defendant claims that he also expressed concern about his counsel's conflict in representing two co-defendants in the same case and facing the same charges. Those two also got off with probation after the firearm specification was deleted. In response, defendant's counsel allegedly told him that the judge said that it was too late to change attorneys and "you either go to trial today or cop out." Defendant alleges that counsel also told him that "you

will be found guilty anyway due to the state attorney's belief that the initial argument started with you and led to the shooting of the victim." Of course, none of this explains why the defendant did not profess his innocence or dissatisfaction with counsel at the time of his plea or his sentencing seven months later. Nevertheless, the allegations were sufficient to raise substantial questions about the effectiveness of his counsel's representation in the matter, especially since the state did not see fit to even oppose the motion or offer any conflicting explanation. The state's explanation in this court is equally unpersuasive.

Furthermore, there is sufficient evidence that defendant was prejudicially affected by counsel's alleged ineffective representation. While all of the co-defendants pled guilty to two counts of felonious assault, only defendant's plea included a firearm specification. However, the affidavits of the victim and the defendant present evidence that defendant did not shoot the victim and that defendant was not in possession of a firearm at the time of the offense. The affidavits further state that the victim gave this exculpatory evidence in a recorded statement to defense counsel prior to the plea, but he was never called to testify. Defendant asserts that "but for" counsel's failure to timely investigate and present this evidence to the court, he would not have pled guilty to a charge that included a firearm specification. The firearm specification added a mandatory three years' incarceration to defendant's four- to fifteen-year sentence on count one. These assertions present sufficient evidence that defendant was prejudiced by counsel's failure to investigate and/or present the alleged mitigating statement of the victim prior to defendant's plea.

Accordingly, the affidavits of the victim and the defendant present sufficient operative facts that counsel's representation was deficient and that defendant was prejudicially affected by such representation. "While the trial court *sub judice* may ultimately conclude that [defendant's allegations] are not credible, that determination cannot be made without a hearing." *Swortcheck, supra*, 101 Ohio App.3d at 773, 656 N.E.2d at 734. The trial court abused its discretion in not granting defendant an evidentiary hearing.