JOURNAL ENTRY and OPINION
The appellant in this case, Curtis Withrow, plead guilty to one count of rape on March 5, 1996, arising out of the sexual abuse of his then eleven-year-old daughter. The appellant had initially been charged in an indictment with three counts of rape, one count of felonious sexual penetration and four counts of gross sexual imposition. The remaining counts were dismissed pursuant to the terms of a plea bargain entered into by the appellant.
The appellant was sentenced to an agreed term of seven to twenty-five years in prison. Soon after the appellant was incarcerated, the victim was committed to a juvenile mental health facility where she spent a considerable amount of time dealing with the trauma she experienced from the entire ordeal.
On July 29, 1998, the appellant filed a motion to withdraw guilty plea. The motion was purportedly premised on a letter sent from the victim to the appellant back in November of 1996 recanting her charges of repeated sexual abuse. An unauthenticated copy of the letter was attached to the motion, as well as an affidavit from the victim, an unauthenticated copy of a letter purportedly sent by the victim's mother to the court stating that she believed that her daughter's recantation was sincere and an affidavit from a social worker (Bobbi Gallagher) to whom the victim allegedly confided that she fabricated the charges against her father. The affidavit from Ms. Gallagher essentially states that Gallagher did not pressure the victim into recanting and that she was genuinely surprised by the letter sent from the victim to the appellant — although I was aware that [the victim] was engaged in a conflict with her mother concerning this issue.
After a full hearing, the trial court denied the motion. The trial court issued a two-page journal entry stating the basis for its decision. The only witness to testify at the hearing was a psychologist who stated that she believed the recantation was not fabricated. The psychologist admitted that the results of the only test administered to the victim were inconclusive. The psychological test in question was not actually administered by the psychologist but, rather, by her assistant. The reason that the test results were not useful in assisting the expert in reaching her conclusion was that the victim repeatedly gave multiple and/or inconsistent responses to questions requiring only one answer.
The psychologist stated in her report that the victim showed the classic signs of keeping a secret, yet the examination was conducted in January of 1999, well over two years after the victim recanted in the letter to her father.
The victim and her mother were both present in court for the hearing but, for whatever reason, were not called to testify.
The appellant timely appealed from the trial court's denial of his motion to withdraw guilty plea and assigns two errors for our review. The first assignment of error states:
 I. THE TRIAL COURT ERRED FOR FAILING TO QUALIFY DEFENDANT-APPELLANT'S PSYCHOLOGIST-WITNESS AS AN EXPERT UNDER OHIO RULES OF EVIDENCE, RULE 702.
Prior to the hearing, the prosecutor and the defense attorney stipulated that the appellant's expert was qualified to testify under subsections (A) and (B) of Rule 702, but not subsection (C). Although the court permitted the witness to testify at the hearing, the court later stated in its journal entry that upon due consideration of the psychologist's testimony, the Court finds that she does not meet the criteria for qualification as an expert under Evid.R. 702.
Evid.R. 702 provides that a witness may testify as an expert if each of the following three criteria apply:
 (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons.
 (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training or education regarding the subject matter of the testimony; and
 (C) The witness' testimony is based on reliable scientific, technical, or other specialized information.
 To the extent that the testimony reports the results of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
* * *
 (3) The particular procedure, test or experiment was conducted in a way that will yield an accurate result.
Evid.R. 703 provides that opinion testimony by an expert must be based on facts or data "perceived by him or admitted into evidence at the hearing." Russell v. Corbin (Dec. 9, 1999), Cuyahoga App. Nos. 74939, 75236, unreported.
The appellant's expert psychologist in this case testified that the singular test administered to the victim was not conducted in a way that would yield an accurate result, as mandated by Evid.R. 702(C)(3). The expert further stated that she only administered one test to the victim, which was invalid because the victim answered both true and false on several answers. No other profile tests were administered because the expert did not feel that they would be valid based on the victim's age at the time of the exam (15). Thus, the opinion of the psychologist was not based on scientific, technical or other specialized information and did not relate to matters beyond the knowledge or experience possessed by lay persons.
Furthermore, the expert also conceded that her opinion was based on information provided by the victim and her mother, not on facts or data perceived by her or admitted into evidence at the hearing as required under Evid.R. 703. All of the information and data used by the expert in assessing the victim's behavior since the purported false charges concerning sexual abuse were levied was provided by either the victim or her mother, it was not information either perceived first-hand by the expert or admitted into evidence.
Even if the trial court determined that the psychologist's testimony qualified under Evid.R. 702(C), it would nonetheless have been inadmissable under Evid.R. 703.
Thus, the trial court did not abuse its discretion in ruling that Evid.R. 702(C) and Evid.R. 703 were not complied with and this assignment of error is hereby overruled.
The second assignment of error states:
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.
Crim.R. 32.1 provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
A motion to withdraw a guilty plea made after sentencing should only be granted to correct a manifest injustice, pursuant to Crim.R. 32.1. We review the trial court's ruling under an abuse of discretion standard. State v. Blatnik (1984), 17 Ohio App.3d 201.
In State v. Wynn (1998), 131 Ohio App.3d 725, 723 N.E.2d 627, this court recently expounded on the standard to be employed when ruling on a motion to withdraw guilty plea made after sentencing:
 The court in State v. Peterseim (1980), 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863, recognized that postsentence plea revocations are governed by Crim.R. 32.1 and may only be granted to avoid a miscarriage of justice. See, also, State v. Smith
(1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph two of the syllabus. The burden of establishing manifest injustice is on the movant. Id. at paragraph one of the syllabus. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdrawing the plea if the sentence was unexpectedly severe. State v. Caraballo (1985), 17 Ohio St.3d 66, 17 OBR 132, 477 N.E.2d 627.
 When presented with the trial court's refusal to accept a plea revocation, our review is limited to a determination of whether the trial court abused its discretion, that is, whether the court's attitude was unreasonable, arbitrary or unconscionable, in reaching its decision. State v. Blatnik (1984), 17 Ohio App.3d 201, 202, 17 OBR 391, 392-393, 478 N.E.2d 1016, 1018-1019; Peterseim, supra, 68 Ohio App.2d at 214, 22 O.O.3d at 343, 428 N.E.2d at 865-866; State v. Lambros
(1988), 44 Ohio App.3d 102, 541 N.E.2d 632. Abuse of discretion is found in the rare instance when a decision is grossly violative of fact and logic so as to demonstrate perversity of will, defiance of judgment, undue passion or extreme bias. State v. Jenkins (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 360-361, 473 N.E.2d 264, 313-314; State v. Lombardo, Jr. (Feb. 15, 1995), Summit App. No. 16368, unreported, 1995 WL 66354. (Emphasis added.)
In State v. Wynn, supra, 131 Ohio App.3d at 729, this court found that the trial court properly considered the length of time (twenty-two months) between the sentence and the motion to withdraw, among other factors, in denying the motion. The delay in this case between sentencing and the filing of the motion (just short of twenty-seven months) was even longer than that in Wynn.
The trial court's journal entry denying the motion listed numerous factors underlying its decision. These included:
 a) the undue delay between the recantation and the filing of the motion. (The order incorrectly stated that the delay was 2/ years rather than 1/ years.)
 b) that recantations are not unusual in these cases in general, and that it was particularly suspect in this case given the victim's history of emotional instability.
 c) the victim did not testify at the hearing although she was present in court.
 d) the defendant's contention that he only pled guilty because he faced potentially extremely harsh penalties is typical of the posturing commonly seen in these type of criminal cases.
The journal entry also referenced an allegation made by the prosecutor's office in its brief in opposition to the motion to withdraw guilty plea that the victim has previously, at the age of 4 or 5, reported offensive sexual contact by the appellant to her mother. The brief in opposition stated that the charge was made by the victim's mother to members of the Cleveland Police Department. The appellant's brief makes much of the fact that this allegation was not in the record before the trial court. Given that the appellant initially entered into a plea bargain, there was no record as such at the trial level. If these allegations were not true, the appellant's attorney had the opportunity to call either the victim or her mother to testify at the hearing to refute the allegations.
The date of the hearing was February 19, 1999. The prosecutor's brief in which the allegation is contained was filed September 8, 1998. Therefore, the appellant had more than five months to request copies of the subject police report or to take other actions to debunk the allegedly untrue contention concerning statements made by the victim's mother to the Cleveland Police Department.
Additionally, it appears from the record that the decision of the trial court was based on factors other than an alleged allegation which might have been made six or seven years prior to the criminal activity in question. Whether or not these allegations were ever made would not have been a factor in the ultimate determination presented to the trial court by the appellant's motion to withdraw guilty plea, to wit: whether or not the appellant was in fact guilty of the allegations underlying the indictment to which he entered a guilty plea and whether or not the victim fabricated the charges. The trial court's journal entry makes it clear that its decision was based on the paucity of testimony tending to indicate that the allegations were falsely made, including the unexplained gap between the letter sent by the victim to her father and the filing of the motion to withdraw guilty plea, the expert's inability to offer an opinion based on anything more than information provided by the victim and her mother, and the silence of the victim and her mother at the hearing.
In view of the foregoing, this court cannot conclude that the decision of the trial court was grossly violative of fact and logic so as to demonstrate perversity of will, defiance of judgment, undue passion or extreme bias. It is not the function of this court to substitute its judgment for that of the trial court, but only to determine if the trial court abused its discretion in denying the motion after hearing all the evidence.
Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. Hence, we must accord due deference to those determinations made by the trier of fact.
Thus, because the trial did not abuse its discretion in deciding that the motion did not need to be granted in order to correct a manifest injustice, the second assignment of error is also overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ MICHAEL J. CORRIGAN, JUDGE
 DYKE, A.J., CONCURS.
 KILBANE, J., DISSENTS WITH SEPARATE OPINION.