OPINION AND JOURNAL ENTRY
On April 13, 2000, Appellant's guilty plea to aggravated burglary, kidnaping, complicity to aggravated robbery and involuntary manslaughter was affirmed by this Court. On appeal, Appellant alleged that the trial court erred in refusing to allow him to withdraw his guilty plea, a request made some six days after sentencing. The thrust of Appellant's argument on appeal was that Appellant received ineffective assistance of counsel at the trial court level due to the failure of his counsel to adequately prepare for the hearing on the motion to withdraw.
Subsequent to our original decision, Appellant filed an Application to Reopen Appeal on July 12, 2000. The State filed an opposing motion on August 1, 2000.
In his application, Appellant continues to argue that his counsel was ineffective, this time asserting that on the appellate level his counsel should have raised in an assignment of error the trial court's failure to grant the withdrawal of the guilty plea. Since appellate counsel failed to raise this as an assignment of error on direct appeal, Appellant claims that his counsel provided ineffective assistance.
Appellant's claims in this regard must fail. Inasmuch as we have fully stated the standards for determining ineffective assistance of counsel in our April 13, 2000, Opinion, these will not be repeated. It is sufficient to state that Strickland v. Washington (1984), 466 U.S. 668, 687 sets out a "but for" test; that is, but for the error of counsel there is a reasonable probability the outcome of the matter would have been different. Thus, but for the fact that this assignment of error was not raised, Appellant would likely have prevailed on appeal.
This approach on some level forces the Court to look at this issue on the merits. In other words, we must determine whether the trial court erred in failing to grant the withdrawal of Appellant's guilty plea in order to determine whether the original appellate counsel was deficient in failing to raise this issue in the underlying appeal. Based on the record and the state of the law on this issue, we must conclude that the trial court did not err and appellate counsel cannot be called ineffective.
Appellant had already been sentenced when he sought to withdraw his plea. Thus, Appellant is correct that his plea could be withdrawn only if allowing the plea to stand would create a manifest injustice. Crim.R. 32.1. Our review of the trial court decision in this matter is limited to determining whether the court abused its discretion. State v. Wynn
(1998), 131 Ohio App.3d 725 . In order to find that the trial court has abused its discretion we must find that the decision was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
Appellant had the burden to establish that he was entitled to the plea withdrawal to correct an otherwise manifest injustice. State v. Blatnik
(1984), 17 Ohio App.3d 201. Bearing those standards in mind, we must look to the record in this matter.
Appellant argues, as he argued in his motion to withdraw the plea, that he pleaded guilty to the charges because there were threats made against his mother, he thought he could get a lighter sentence by pleading, even though he was innocent, and because he had no alibi witness. Appellant changed his mind about his plea agreement only when a letter allegedly written by one James Brown was sent to him, where Mr. Brown offers to be a witness on his behalf.
Other than to point out that Brown refused to testify at the motion hearing and there is no evidence that Brown wrote the letter or that its allegations are true, we must refer back to our original Opinion in this matter wherein we specifically held that this letter was not exculpatory. Opinion dated April 13, 2000, pages 5 and 6. Thus, the trial court was correct in making this same determination. It was this letter that sparked Appellant to request to withdraw his guilty plea, on the belief that he had an exculpatory witness. Insofar as we find that he did not, the trial court was well within his discretion in refusing to allow the plea withdrawal on that basis.
Appellant told his attorney at the time of his plea that it was his wish to enter the plea to try to obtain a favorable sentence, even though he earlier maintained his innocence to that attorney. (Motion Tr. pgs. 16-18). In twenty-six pages of transcript stemming from his plea hearing on May 28, 1996, the trial court could not have been more thorough and painstaking in going over all of Appellant's rights and in explaining the nature and consequences of his plea to Appellant. It is abundantly clear that Appellant freely and knowingly entered into the plea, going so far as to apologize for his role in the crimes and to state that he wanted to get himself, ". . . right with myself and with God." (Plea Tr. p. 19). He later states that he "messed up" and that he had to "pay for it." (Plea Tr. p. 24). Nowhere is there an indication of Appellant's claims of innocence or an indication that he or his family were being threatened. To the contrary, the record is replete with admissions of guilt and remorse.
Thus, at the plea withdrawal hearing the trial court was faced with a defendant who had once completely and apparently unreservedly admitted guilt and suddenly, after receipt of a letter which he mistakenly believes will exonerate him, claims he was completely innocent of the crimes to which he had pleaded guilty. Other than Appellant's own testimony, there was no other evidence to support these claims.
Based on the record before us, we can find no abuse of discretion in the trial court's decision to refuse to allow Appellant to withdraw his plea. It is not apparent on the record that a manifest injustice has occurred. For these reasons, it cannot be said that appellate counsel's failure to raise the issue on initial appeal was any sort of error, certainly not prejudicial error. Thus, Appellant's application must be denied.