JOURNAL ENTRY and OPINION
Defendant-appellant, Fahed Kutkut, appeals from the trial court's denial of his post-sentence motion to withdraw a guilty plea. Because we find that the trial court properly denied appellant's motion to withdraw his previously entered pleas of guilty to the offenses of aggravated assault and attempted robbery, we affirm the trial court's denial of the appellant's motion.
Appellant was indicted on August 23, 1999 and September 27, 1999 in two separate cases which were later consolidated for the purposes of a plea hearing and sentencing. The first indictment, in case number 380126 charged appellant with felonious assault in violation of R.C. 2903.11. The second indictment, case number 381201, alleged one count of robbery in violation of R.C. 2911.02. On November 23, 1999, the appellant entered into a plea agreement with the state by which he would enter pleas of guilty to the lesser included offenses of aggravated assault and attempted robbery, respectively.
On December 22, 1999, the appellant was sentenced to one year imprisonment at Lorain Correctional Institution on each of the counts. The two sentences were imposed concurrently, but were suspended and the appellant was placed on two years probation.
The appellant filed a motion to withdraw guilty plea as well as a petition to vacate or set aside sentence on May 10, 2000. The motions were occasioned by Immigration and Naturalization Services (INS) deportation proceedings to which the appellant had been subjected. Although the appellant stated in his motion that the defendant is requesting to withdraw his plea based upon the fact that he is being deported, the deportation proceedings had actually been initiated on February 20, 1998, more than eighteen months prior to the appellant's first indictment. On January 11, 2000, the INS did file Additional Charges of Deportability against the appellant under Section 237(a)(2)(A)(ii) 
(iii) based on the fact that he had been convicted of two crimes involving moral turpitude which did not arise out of a single scheme of criminal misconduct and that he had been convicted of a crime of violence which was an aggravated felony.
The initial notice of deportation proceedings of February 20, 1998 alleged the following bases for deportation:
The Service alleges that you:
 1. You are not a citizen or national of the United States;
2. You are a native of Kuwait and a citizen of Jordan;
 3. You entered the United States on March 29, 1995 in New York, New York as a non immigrant (sic) visitor with authorization to remain in the United States for a temporary period not exceed (sic) September 28, 1995;
 4. You have failed to depart within the time period specified. (Emphasis added.)
On June 7, 2000, the trial court denied the motion to vacate the guilty plea and the petition to vacate or set aside sentence without a hearing. On October 27, 2000, this court provisionally granted appellant's motion for leave to file a delayed appeal and to consolidate the cases on appeal. The appellant presents two assignments of error for this court's review. The first assignment of error states:
 I. THE TRIAL COURT ERRED BY ACCEPTING AN INVALID PLEA OF GUILTY.
Appellant initially maintains that his motion to withdraw his plea of guilty should have been granted and his conviction vacated on the grounds that, at the time the guilty plea was entered, the trial court failed to advise defendant-appellant of the possible immigration consequences of the plea as required pursuant to R.C. 2943.031, which states in pertinent part:
 (A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement.
 If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, where applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
 Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.
 (B) The court is not required to give the advisement described in division (A) of this section if either of the following applies:
 (1) The defendant enters a plea of guilty on a written form, the form includes a question asking whether the defendant is a citizen of the United States, and the defendant answers the question in the affirmative;
 (2) The defendant states orally on the record that he is a citizen of the United States.
This court has previously held that, in order for R.C. 2943.031
advisements to apply, the record must affirmatively demonstrate that the defendant is not a citizen of the United States through affidavit or other documentation. State v. Thomas (Mar. 18, 1993), Cuyahoga App. Nos. 63719, 63720, unreported, State v. Isleim (Aug. 18, 1994), Cuyahoga App. No. 66201, unreported. This court has held further that there must be some showing of prejudicial effect caused by the trial court's failure to advise the defendant with respect to possible deportation before a motion to vacate a guilty plea or a plea of no contest will be granted. State v. Guild (Jan. 13, 1994), Cuyahoga App. No. 63407, unreported.
In the case sub judice, a review of the record demonstrates that, while the trial court may have failed to comply with the mandates of R.C.2943.031 in accepting appellant's plea of guilty, appellant failed to meet the burden of proof that would entitle him to relief under the statute in that he failed to provide the trial court with an affidavit, passport or other documentation at the time of the plea to demonstrate that he was not a citizen of the United States. The fact that the issue of the appellant's illegal alien status was brought to the court's attention at the time the motion to withdraw a guilty plea was filed is not sufficient grounds upon which to invalidate the appellant's plea of guilty.
Appellant has also failed to demonstrate that he was prejudiced by the trial court's alleged failure to advise him of the deportation consequences attendant to the underlying plea. The INS deportation proceedings instituted against the appellant began prior to the plea of no contest and were based upon the expiration of the allotted time appellant was permitted to remain in this country. At the time the proceedings were instituted on February 20, 1998, the appellant had already overstayed his visa by almost two and one-half years.
The deportation proceedings were not initially based on the underlying convictions in this case. These convictions merely provided additional reasons for the deportation of the appellant. There is absolutely nothing in the record to suggest that the appellant would not have been subject to deportation if not for the fact of these convictions. Thus, appellant has failed to satisfy the burden of proof necessary for relief pursuant to R.C. 2943.031. See State v. Browley (Sept. 24, 1994), Cuyahoga App. No. 66038, unreported. This assignment of error is overruled.
The appellant's second assignment of error states:
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO VACATE WITHOUT CONDUCTING A HEARING ON THAT MOTION.
Crim.R. 32.1 reads:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
A hearing on a post-sentence motion to withdraw a guilty plea is not required if the facts alleged by the defendant and accepted as true by the trial court would not require the court to allow the withdrawal of the plea. State v. Wyley (Mar. 15, 2001), Cuyahoga App. No. 78315, unreported; State v. Wynn (1998), 131 Ohio App.3d 725, 728,723 N.E.2d 627, citing State v. Blatnik (1984), 17 Ohio App.3d 201,204, 478 N.E.2d 1016; State v. Hamed (1989), 63 Ohio App.3d 5, 7,577 N.E.2d 1111; State v. Milton (June 1, 1995), Cuyahoga App. No. 65828, unreported.
In the instant case, the record reflects that the appellant never demonstrated or attempted to demonstrate at the time of the plea hearing that he was not a citizen of the United States through affidavit or other documentation. Thus, the appellant was not entitled to relief on the basis that the trial court failed to advise him of the possibility of deportation under R.C. 2943.031. Additionally, the fact that the appellant was already subject to deportation proceedings prior to entering the subject guilty pleas eliminated any possible prejudice arising out of the failure of the trial court to properly advise the appellant and thus precluded the appellant from being entitled to the relief requested in the motion to withdraw guilty plea. Accordingly, this assignment of error is also overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
BLACKMON, J., CONCURS. KARPINSKI, A.J., DISSENTS WITH SEPARATE DISSENTING OPINION.