JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Dennis Russ, complains in this appeal that the Cuyahoga County Common Pleas Court erred when it failed to conduct a hearing on his motion to vacate his plea separate from the sexual predator classification hearing. For the reasons that follow, we affirm.
 {¶ 2} The record reveals that a 12-count indictment was returned against appellant charging him with four counts of rape, in violation of R.C. 2907.02; one count of kidnapping, in violation of R.C. 2905.01; three counts of felonious assault, in violation of R.C. 2903.11; and four counts of gross sexual imposition, in violation of R.C. 2907.05. Eight of the twelve counts contained repeat violent offender and sexually violent predator specifications as well notices of prior conviction. The events giving rise to the indictment occurred on October 6, 2001 wherein it was alleged that appellant attacked the victim from behind as she was walking along Carnegie Avenue near the Interstate 71 and 77 interchanges, dragged her over a guardrail, beat her and raped her four times. It appears from the record that appellant had been released from prison approximately one month earlier, having served 17 years of a 25-year sentence for a 1984 conviction for rape.
 {¶ 3} The state eventually amended counts one, two, five and six to delete the penalty-enhancement specifications. As amended, appellant pleaded guilty to two counts of rape, one count of kidnapping and one count of felonious assault, without specifications. The trial court, satisfied that appellant's guilty plea was entered in compliance with Crim.R. 11, accepted appellant's plea. At a hearing taking place on May 20, 2002, the trial court sentenced appellant to an agreed-upon prison term of 25 years, which consisted of eight years on each of the two counts of rape, three years on the kidnapping charge and six years on the felonious assault charge. The court continued the sexual predator classification hearing until May 24, 2002, on which date appellant filed a motion to vacate his plea. While there was some discussion regarding appellant's motion to vacate his plea, there was no hearing on the motion and, other than classifying appellant as a sexual predator, there was no ruling issued by the court on that date. The trial court eventually denied appellant's motion on June 12, 2002.
 {¶ 4} Appellant is now before the court and argues in his sole assignment of errorthat the trial court erred in failing to hold a hearing to vacate his plea separate from the hearing classifying him as a sexual predator. Appellant contends that the imposition of sentence is not complete until the court renders a decision relative to sexual predator classification. According to appellant, therefore, any motion to vacate a plea before sentence is imposed should be freely and liberally granted under Crim.R. 32.1.
 {¶ 5} Crim.R. 32.1 provides, in relevant part:
 {¶ 6} "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his * * * plea."
 {¶ 7} Appellant correctly states that a trial court is to freely and liberally grant a motion to withdraw a plea that is filed prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521, 526. The standard is much more stringent, however, when the motion is filed after sentence is imposed. In that event, the motion is granted only to correct "manifest injustice." Consequently, a threshold determination must be made as to whether the motion was filed before or after sentence was imposed. Appellant contends that sentence was not complete because there was no determination made as to his status as a sexual predator and, therefore, the motion was filed before sentence was imposed. We disagree.
 {¶ 8} R.C. 2950.09(B)(2) provides that sexual predator classification hearings "shall be conducted prior to sentencing," although the trial judge may conduct the hearing as part of the sentencing hearing required by R.C. 2929.19. The Ohio Supreme Court, however, as held that this statutory requirement is directory rather than mandatory in nature. State v. Bellman (1999), 86 Ohio St.3d 208,210-211. Relying on State ex rel. Harrell v. Streetsboro Bd. of Edn.
(1989), 46 Ohio St.3d 55, the Bellman court concluded that the time periods established by statute exist for "convenience and orderly procedure" and do not impair the jurisdiction of the court when based on untimeliness. Id. at 210. The Bellman court thereafter found that a criminal defendant may waive the statutory time requiring a sexual predator classification hearing to precede sentencing. Id. at 21-211. Accord State v. Fox, 6th Dist. No. L-02-1154, 2003-Ohio-484.
 {¶ 9} In this case, appellant waived any time requirement to hold the classification hearing prior to sentencing when he consented to postponing the classification hearing until May 24, 2002. Indeed, appellant's counsel informed the court at the May 20th sentencing hearing that the state should not be allowed to rely on judgments of conviction but rather should bring in witnesses to support its request to classify appellant as a sexual predator. In response, the state asked the court to defer making such a classification until a later date. The court agreed to do so and the parties discussed available dates, eventually agreeing on the May 24th date. Thus, it is evident from the record that appellant waived any time restriction requiring the sexual predator classification hearing to be conducted prior to or at the time of sentencing.
 {¶ 10} Having determined that sentence had been imposed at the time appellant filed his motion to withdraw his plea, this court must determine whether the trial court erred in failing to hold a hearing on appellant's post-sentence motion separate from that of the sexual predator hearing. In essence, appellant argues that the trial court erred when it denied his motion without holding a hearing. We disagree.
 {¶ 11} Reiterating, a criminal defendant seeking to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice. Crim.R. 32.1; see, also, State v.Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdrawing the plea if the sentence was unexpectedly severe." State v. Wynn (1998),131 Ohio App.3d 725, 728.
 {¶ 12} A trial court's decision regarding such a motion is reviewed for abuse of discretion "and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at 264. Consequently, a trial court's denial of a motion to withdraw a previously entered guilty plea will not be reversed absent an abuse of discretion. State v. Nathan (1995),99 Ohio App.3d 722, 725. Nonetheless, a post-sentence motion to withdraw a plea of guilty is ordinarily subject to denial without a hearing when the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. See State v. Cook (June 4, 2002), 3rd Dist. No. 12-01-15, 2002 Ohio App. Lexis 2911; State v. Shaffer (Nov. 5, 1999), 3rd Dist. No. 9-99-41, 1999 Ohio App. Lexis 5205.
 {¶ 13} This court recently addressed the issue of what constitutes "manifest injustice." In State v. Sneed, Cuyahoga App. No. 80902,2002-Ohio-6502, the court stated at ¶ 13:
 {¶ 14} "A manifest injustice is defined as a `clear or openly unjust act.' Another court has referred to it as `an extraordinary and fundamental flaw in the plea proceeding.' Again, `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." (Citations omitted.)
 {¶ 15} With this standard in mind, we find that appellant has failed to demonstrate manifest injustice in this case. Appellant did not supplement his motion to vacate with any evidentiary documents to support his motion but merely stated that he did not fully comprehend the information presented by his trial counsel. A review of the record, however, supports that the trial court engaged in an extensive colloquy with appellant and a fair reading of that record does not permit us to conclude that appellant entered his plea less than freely and voluntarily and with full knowledge of the ramifications of that plea. Consequently, the trial court did not abuse its discretion when it denied appellant's motion to vacate his plea without conducting a hearing.
 {¶ 16} Appellant's sole assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and JAMES J. SWEENEY, J., concur.