[Cite as *State v. Rencz*, 2016-Ohio-4585.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY


State of Ohio                                         Court of Appeals No. S-16-001

       Appellee                                Trial Court No. 14TRD4348

v.

Raoul S. Rencz                                    **DECISION AND JUDGMENT**

       Appellant                               Decided:  June 24, 2016

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Howard A. Elliott, for appellant.

* * * * *

**YARBROUGH, J.**

{¶ 1} This is an accelerated appeal from the judgment of the Sandusky County

Court #1 in Clyde, Ohio.  Appellant, Raoul Rencz, contends that the trial court erred

when it denied, without a hearing, his motion to withdraw his guilty plea in this traffic

matter.  For the reasons that follow, we affirm.

**{¶ 2}** On August 19, 2014, appellant, a commercial truck driver, received a ticket for disobeying the instructions of a traffic control device in violation of R.C. 4511.12(A), a minor misdemeanor. On September 18, 2014, the court received payment of the $110 fine, entered a waiver of the case, and deemed the case closed.

**{¶ 3}** Over one year later, on October 20, 2015, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellant argued that withdrawal of the plea was necessary to correct manifest injustice because the court failed to inform him of the effects of entering his plea as required by Traf.R. 10(D). Appellant also argued that his plea of guilty and waiver of trial failed to comply with Traf.R. 13(D)(1), which provides that a defendant may "[s]ign the guilty plea and waiver of trial provision of the ticket and mail the ticket and * * * payment for the total amount of the fine and costs to the traffic violations bureau." Appellant contends that he did not sign the guilty plea and waiver of trial provision, but rather that his employer submitted payment for the ticket without his knowledge or approval.

**{¶ 4}** On November 24, 2015, the trial court denied appellant's motion without a hearing.

### I. Assignments of Error

**{¶ 5}** Appellant has appealed the trial court's November 24, 2015 judgment, asserting two assignments of error for our review:

1. The trial court erred in failing to set aside a plea of guilty entered on the court's docket in as much as manifest injustice has occurred because

2.

the trial court failed to accept such plea as a waiver under Traffic Rule 13 or any other applicable alternative under Traffic Rule 12.

2. The trial court erred when failing to conduct an evidentiary hearing on the motion to withdraw and vacate the plea of guilty and sentencing when the facts alleged by the Defendant in his motion which for purpose of the motion the court is required to accept is true, demonstrate manifest injustice.

## II. Analysis

{¶ 6} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. The decision of whether manifest injustice occurred is left to the sound discretion of the trial court. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, an appellate court will not reverse a trial court's denial of a motion to withdraw a guilty plea. *State v. Nathan*, 99 Ohio App.3d 722, 725, 651 N.E.2d 1044 (3d Dist.1995). An abuse of discretion connotes that the trial court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

3.

**{¶ 7}** In his first assignment of error, appellant reprises his arguments made in support of his motion to withdraw his guilty plea. Initially, he contends that the trial court failed to comply with Traf.R. 10(D) by not informing him of the effect of his plea of guilty. However, Traf.R. 10(D) is inapplicable in this case. Traf.R. 10(D) provides, "In misdemeanor cases involving petty offenses, *except those processed in a traffic violations bureau*, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." (Emphasis added.) Here, appellant concedes in his brief that "the docket of the record of this court indicates that a plea appears to have been made to a traffic violations bureau created pursuant to Traffic Rule 13." Thus, Traf.R. 10(D) does not apply, and appellant's first argument is without merit.

**{¶ 8}** Alternatively, appellant argues that the plea was not done in accordance with Traf.R. 13 because appellant did not sign the guilty plea and waiver of trial provision of the ticket. Specifically, appellant references Traf.R. 13(D)(1), which provides:

> At any time prior to arraignment or thereafter with leave of court, a defendant charged with an offense that can be processed by a traffic violations bureau may do either of the following:
>
> (a) Appear in person at the traffic violations bureau, sign a plea of guilty and waiver of trial provision of the ticket, and pay the total amount of the fine and costs;

4.

(b) Sign the guilty plea and waiver of trial provision of the ticket and mail the ticket and a check, money order, or other approved form of payment for the total amount of the fine and costs to the traffic violations bureau.

**{¶ 9}** Notably, however, Traf.R. 13(D)(3) states, "Remittance of the fine and costs to the traffic violations bureau by any means other than personal appearance by the defendant at the bureau constitutes a guilty plea and waiver of trial *whether or not the guilty plea and waiver of trial provision of the ticket are signed by the defendant*." (Emphasis added.). The 1975 Staff Notes to the implementation of the language in Traf.R. 13(D)(3)[1] explain that

> [w]hen the offender remits the specified fine and costs by mail without signing the plea and waiver, it is a reasonable assumption that the failure to sign was an inadvertence. The intent of the offender is amply demonstrated by the remittance. No useful purpose would be served by the expenditure of time and effort to secure the completion of the form under those circumstances.

**{¶ 10}** Thus, the trial court properly complied with Traf.R. 13 when it disposed of the case through the entry of a guilty plea and waiver following the remittance of the fine even though appellant did not sign the plea and waiver.

---

[1] The language was formerly contained in Traf.R. 13(D)(2).

5.

{¶ 11} Appellant also asserts that the payment of the fine by his employer was done without his knowledge and without his permission, and that he believes he has a meritorious defense to the charge. These assertions, if true, would undermine the rationale of Traf.R. 13(D)(3) as identified in the 1975 Staff Notes. Nevertheless, we hold that the trial court did not abuse its discretion in determining that appellant has failed to satisfy his burden of demonstrating manifest injustice. First, we note that appellant's claims are contained in his motion to withdraw his guilty plea and his brief on appeal, but they are not supported by any affidavit or other evidentiary material. Second, we find that the passing of over one year between when the fine was paid and when appellant moved to withdraw his guilty plea weighs heavily against a demonstration of manifest injustice. Finally, appellant has not offered any other reason besides the trial court's failure to comply with the Traffic Rules as grounds for manifest injustice, and, as discussed above, we find that those rules were complied with.

{¶ 12} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 13} In his second assignment of error, appellant argues that the trial court erred when it denied his motion to withdraw his guilty plea without holding a hearing. "A hearing on a post-sentence motion to withdraw a guilty plea is not mandated if the facts alleged by the defendant and accepted as true by the trial court would not require the court to allow the withdrawal of the plea." *State v. Wynn*, 131 Ohio App.3d 725, 728, 723 N.E.2d 627 (8th Dist.1998). Here, as we determined in his first assignment of error, appellant has not alleged facts that would require the court to allow the withdrawal of the

6.

plea. Therefore, the trial court did not err when it denied appellant's motion without a hearing.

{¶ 14} Accordingly, appellant's second assignment of error is not well-taken.

### III. Conclusion

{¶ 15} For the foregoing reasons, the judgment of the Sandusky County Court #1 in Clyde, Ohio is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.     _____
JUDGE

Thomas J. Osowik, J.    

_____
Stephen A. Yarbrough, J.     JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.